UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TRACEY HILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. HODAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-01311-ADA-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER** |

Plaintiff Brian Tracey Hill is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　INTRODUCTION**

On January 25, 2023 the Court issued its first screening order. (Doc. 15.) The Court determined Plaintiff had stated plausible excessive force claims against named Defendants Hodan, Sizemore, Cruz and Fezeu, but that he had failed to state any other cognizable claim against any other named Defendant. (*Id*. at 6-11.) The Court directed Plaintiff to choose one of three options: (1) notify the Court he did not wish to file an amended complaint and was willing to proceed only on his cognizable claims of excessive force in violation of the Eighth Amendment against Defendants Hodan, Sizemore, Cruz and Fezeu; (2) file a first amended complaint; *or* (3) file a notice of voluntary dismissal. (*Id*. at 11-12.) Plaintiff was to do so within 21 days of service of the order. (*Id*. at 12.) Although 21 days plus time for mailing have not yet passed, the docket

reflects Plaintiff did not receive the first screening order because it was returned by the United States Postal Service marked "Undeliverable, Return to Sender, Insufficient Address, Unable to Forward." (Docket Entry dated 2/6/23.)

## II.   DISCUSSION AND ORDER

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective."

Here, Plaintiff previously advised the Court of his changes of address. (*See* Docs. 10, 11, 13, 14.) In the most recent Notice of Change of Address filed October 5, 2022, Plaintiff identified his address as "Brian T. Hill, Bay Area Rescue Mission, 200 Mcdonal Ave., Richmond, CA 94807." (Doc. 14 at 1.) The attached proof of service indicates Plaintiff mailed the notice from "200 Mcdonal Ave., Richmond, CA 94807." (*Id*. at 2.) The first screening order was then served by the Court to this address as was provided by Plaintiff. However, the document was returned by the postal service marked as undeliverable and unable to forward.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of January 25, 2023, and to keep this Court apprised of his current address

pursuant to Local Rule 182(f). Alternatively, within that same time, Plaintiff may file either (1) notify the court he does not wish to file an amended complaint and is willing to proceed only on his cognizable claims of excessive force in violation of the Eighth Amendment against Defendants Hodan, Sizemore, Cruz and Fezeu; (2) file a first amended complaint; *or* (3) file a notice of voluntary dismissal, *and* he must advise the Court of his current and correct address.

**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders.**

IT IS SO ORDERED.

Dated:   **February 15, 2023**                          /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE