UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TRACEY HILL,<br><br>Plaintiff,<br><br>v.<br><br>E. HODAN, et al.,<br><br>Defendants. | Case No.: 1:21-cv-01311-ADA-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Brian Tracey Hill is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff filed a complaint on August 30, 2021. (Doc. 1.) On January 25, 2023, this Court issued its First Screening Order. (Doc. 15.) The Court found Plaintiff's complaint states cognizable Eighth Amendment excessive force claims against named Defendants Hodan, Sizemore, Cruz and Fezeu, but failed to state any other cognizable claim against any named Defendant. (*Id*. at 11.) Plaintiff was directed to select one of the following options: (1) file a notice with the Court indicating his election to proceed only on those claims found cognizable by the Court; (2) file a first amended complaint; or (3) file a notice of voluntary dismissal. (*Id*. at 11-12.) Plaintiff was afforded 21 days from the date of service of the order within which to respond. (*Id.*)

On February 6, 2023, before the 21-day period passed, the screening order was returned by the U.S. Postal Service marked Undeliverable, Return to Sender, Insufficient Address and Unable to Forward. (Docket Entry dated 2/6/23.)

On February 16, 2023, the Court issued its Order To Show Cause Why Action Should Not Be Dismissed For A Failure To Obey Court Order (OSC). (Doc. 16.) Plaintiff was ordered to show cause in writing why he failed to comply with the screening order of January 25, 2023, or alternatively, to notify the Court he did not wish to file an amended complaint and was willing to proceed only on his cognizable claims of excessive force against named Defendants Hodan, Sizemore, Cruz and Fezeu, *or* to file a first amended complaint, *or* to file a notice of voluntary dismissal. (*Id*. at 2-3.) Plaintiff was also ordered to advise the Court of his current and correct address. (*Id*. at 3.) More than 21 days have passed, and Plaintiff has failed to respond to the OSC.

## II.     DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Here, according to the Court's docket, Plaintiff filed a Notice of Change of Address on October 5, 2022, wherein he advised his address was as follows:

Brian T. Hill
Bay Area Rescue Mission
200 McDonal Ave.
Richmond, CA 94807

(*See* Doc. 14.) The First Screening Order and the OSC were served on Plaintiff at this address. This address is either incorrect or no longer current. Plaintiff has an obligation to keep the Court apprised of his current, and correct, address. Because Plaintiff has failed to do so, this action is subject to dismissal.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Plaintiff's failure to respond to the First Screening Order and to the OSC, coupled with Plaintiff's failure to keep the Court apprised of his current and correct address, weigh in favor of dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey orders, failure to prosecute this action and failure to keep the Court apprised of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has appeared in this action, the case has been pending for more than eighteen months and cannot proceed further without Plaintiff's cooperation. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped communicating with the Court, and has failed to comply with this Court's orders and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. In the First Screening Order issued January 25, 2023, Plaintiff was advised, "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to state a claim and to obey a court order**." (Doc. 15 at 12, emphasis in original.) In its OSC issued February 26, 2023, the Court warned "**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders**." (Doc. 16 at 3, emphasis in original.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's local rules. In sum, the fifth factor — the availability of less drastic sanctions — weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

### III.   CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed without prejudice, based on Plaintiff's failure to obey court orders and to prosecute this action, as well as his failure to keep the Court apprised of his current or correct address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 20, 2023**                                /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE